[Civ. No. 5578. Second Appellate District, Division One.—October 21, 1929.]

ETHEL WELCH, Respondent, v. L. O. GUNN, as Executor, etc., Appellant.

S. C. Schaefer for Appellant.

James, Pace, Smith & Younkin for Respondent.

HAHN, J., *pro tem.*—The action which gives rise to this appeal was brought in the Municipal Court of the City of Los Angeles for the purpose of recovering judgment for $1,000, the complaint being drawn in the form of a common count, alleging the rendering of services by the plaintiff to the defendant, Hettie Reese, at her instance and request, and the reasonable value thereof. From a judgment rendered in favor of the plaintiff for the sum of $1,000, the defendant, Hettie Reese, appealed to the Superior Court in and for the county of Los Angeles, which court in due course affirmed the judgment of the lower court.

The case comes here upon appeal taken by defendant Hettie Reese during her lifetime. Pending appeal the defendant Hettie Reese, deceased, and L. O. Gunn, the duly appointed and qualified executor of the last will and testament of Hettie Reese, deceased, was substituted as defendant and appellant by order duly made.

Appellant argues at length that the Superior Court erred in refusing to grant her motion for a new trial and her motion to vacate the judgment of the Municipal Court. The reasons urged are:

1. That the evidence is insufficient to support the findings.

2. That upon the findings, the conclusions of law should have been in favor of defendant and judgment rendered thereon for the defendant.

3. That the judgment is excessive.

A brief *résumé* of the evidence is necessary to a discussion of the points raised.

Plaintiff and defendant were stepsisters, the former residing in New York and the latter in Los Angeles. Each was advancing in years and living alone without a family. Plaintiff was employed at a salary that provided her with a comfortable living, while defendant was possessed of a home and independent means, but in poor health and requiring the companionship of someone in the home with her. Through correspondence the defendant suggested to the plaintiff that if she would come and make her permanent home with her, that she (the defendant) would pay the expenses of maintaining the home. Without going into the details of the testimony with regard to the arrangement, it may be fairly inferred that it was the understanding of both parties that the arrangement contemplated a permanent home for the plaintiff as long as either of the sisters lived. Pursuant to the invitation to the plaintiff from the defendant, plaintiff gave up her position in New York and came to Los Angeles, making her home with the defendant for a period of about eight months, when, by reason of the conduct of the defendant and her treatment of the plaintiff, she (the plaintiff) was compelled to leave the home and return to New York. Following this breaking up of the arrangement, plaintiff brought this action in the Municipal Court of the City of Los Angeles to recover a judgment for the sum of $1,000 as compensation for the services rendered by her to the defendant during said period of eight months.

Appellant urges at length in her brief that the plaintiff had no cause of action on a *quantum meruit;* that if she had any cause of action, it was for damages for breach of contract. There is no merit in this contention. It is so well settled in California that citations seem unnecessary, that under certain types of contracts, particularly those providing for the rendering of personal services, where the employer without legal cause prevents the completion of the contract, the other party may recover in a *quantum meruit* action. The rule is set forth in the case of *Brown* v. *Crown Gold Milling Co.,* 150 Cal. 376 [89 Pac. 86, 90], as follows:

"It is the general rule that where an employee is, without cause, discharged by his employer during the term of his employment, he may regard the contract as rescinded, and

sue upon a *quantum meruit* and recover the reasonable value of his services, as if the special contract of employment had never been made."

▇ Appellant dwells on the meaning of the term "permanent home," which the court found was the term which was used between the parties in their contract in relation to the consideration that should flow to the plaintiff for coming out and caring for her sister. Whatever may be the various interpretations placed upon that term depending upon the circumstances under which it is used, in view of the circumstances involved in the instant case, and particularly in view of the fact that the plaintiff gave up a position in New York to come to California to be with her sister, it is reasonable to conclude that the term "permanent home" was understood between the parties to mean a home until either one deceased. With that interpretation of the term and the plaintiff being deprived of that "permanent home" by the unjustifiable acts and conduct of the defendant, plaintiff comes well within the rule that permits an employee to consider the contract as rescinded and recover for the reasonable value of the services rendered.

We are satisfied that there is sufficient evidence to support the findings and that the conclusions of law and judgment properly flow from the findings of fact. ▇ Nor do we feel that there is any merit in the contention that the judgment is excessive. The character of the services rendered by the plaintiff, as well as the testimony as to the reasonable value of such services, fully warrant the amount of the judgment.

Other questions are touched upon in the briefs, but we do not deem it necessary to consider them in detail.

We are of the opinion that the judgment of the Superior Court sustaining the judgment of the lower court was proper. The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 1, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1929.

All the Justices concurred.